**ALABAMA PUBLIC SERVICE COMMISSION, Petitioner,**

**v.**

**UNITED STATES of America and the Interstate Commerce Commission, Respondents**

**TLI, Inc., Intervenor.**

**No. 86–1629.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 14, 1987.

Decided Feb. 19, 1988.

As Amended April 6, 1988.

---

Stanley W. Foy, Montgomery, Ala., for petitioner.

Dennis J. Starks, I.C.C., with whom Robert S. Burk, Gen. Counsel and Ellen D. Hanson, Associate Gen. Counsel, I.C.C., and Robert B. Nicholson and John P. Fonte, Dept. of Justice, Washington, D.C., were on the brief for respondents.

Timothy M. Walsh, Washington, D.C. and Rebecca E. Patton, Dallas, Tex., were on the brief for intervenor, TLI, Inc. Betty Jo Christian, Washington, D.C., also entered an appearance for intervenor.

Before GINSBURG and SENTELLE, Circuit Judges, and MARKEY, Chief Judge.[*]

Opinion Per Curiam.

PER CURIAM:

The Alabama Public Service Commission (APSC) petitions for review of a decision of the Interstate Commerce Commission (ICC)[1] permitting Trailways Lines, Inc. (Trailways)[2], to increase its intrastate fares in Alabama. We deny the petition.

### BACKGROUND

On April 8, 1986, Trailways filed with APSC tariff supplements reflecting a 32.6% increase in Alabama intrastate rates. On August 4, 1986, following a proceeding in which only Trailways presented evidence, APSC found the increase not justified and ordered cancellation of the tariff supplements.

Saying APSC had not rebutted the statutory presumption that intrastate fares lower than interstate fares impose an unreasonable burden on interstate commerce, 49 U.S.C. § 11501(e)(2)(A)(i), Trailways petitioned the ICC on August 13, 1986, for a 32.6% increase in its Alabama intrastate fares. After considering Trailways' petition, APSC's reply, and Trailways' rebuttal, the ICC determined that Trailways' published interstate standard zone fares represented a reasonable approximation of the actual rates routinely charged the majority of Trailways' passengers and that those rates are higher than Trailways' rates for comparable intrastate transportation. Finding that APSC's decision results in intrastate rates and fares that impose an unreasonable burden on interstate commerce, and that APSC had not rebutted the presumption, ICC granted Trailways' petition.[3]

APSC says the question of whether the presumption was rebutted is a "non-issue," because Trailways has some reduced, point-to-point interstate fares lower than Alabama intrastate fares for similar distances. Thus, says APSC, ICC invoked the presumption arbitrarily, capriciously, without evidentiary support, and contrary to law.

### ANALYSIS

Our scope of review is limited. Courts should and do accord substantial deference to ICC's interpretation and application of the rate provisions of the Bus Act. *Missouri Pub. Serv. Comm'n v. ICC,* 763 F.2d 1014, 1017 (8th Cir.1985); *Com-*

---

[*] Honorable Howard T. Markey, Chief Judge, United States Court of Appeals for the Federal Circuit, sitting by designation pursuant to 28 U.S.C. § 291(a) (1982).

[1] Docket No. MC–C–30004, Petition of Trailways Lines, Inc., For Review of a Decision of the Alabama Public Service Commission Pursuant to 49 U.S.C. § 11501(e), served October 15, 1986. The ICC's decision was included in the appendix here, but has not been published in a reporter.

[2] After this appeal was filed, TLI, Inc., intervenor here, became a successor by name change to Trailways Lines, Inc.

[3] ICC preempted APSC's determination pursuant to section 17 of the Bus Regulatory Reform Act of 1982 (Bus Act), Pub.L. No. 97–261, § 17(a)(1), 96 Stat. 1102, 1117–19 (codified at 49 U.S.C. § 11501(e)), and its action "supersedes State law or action taken under State law in conflict with the action of the [ICC]." 49 U.S.C. § 11501(f).

*missioner of Transp. v. United States,* 750 F.2d 163, 167 (2d Cir.1984), *cert. denied,* 471 U.S. 1015, 105 S.Ct. 2019, 85 L.Ed.2d 301 (1985). Denial of the present petition needs little in the way of deference, however, APSC's attack on ICC's decision being so clearly without merit.

■ APSC says ICC did not compare Alabama intrastate fares with interstate fares "actually charged" because it looked to Trailways' standard interstate zone fares instead of to its reduced point-to-point fares. It is undisputed that the latter are lower than the former. Nor is it disputed that most of Alabama's intrastate fares remain lower than Trailways' interstate zone fares after ICC's decision. Thus, APSC simply disagrees with ICC's choice of which set of rates to employ in its comparison with Alabama intrastate fares.

APSC incorrectly asserts that ICC "exclude[d] from consideration the point-to-point interstate fares." ICC fully considered those fares. It recognized, however, that they were limited in number, the result of standard practices, and adopted to meet rail and bus competition. It therefore found them an insufficiently reasonable approximation of the rates actually charged to the overwhelming majority of Trailways' passengers.

APSC relies on *Texas v. United States,* 761 F.2d 211 (5th Cir.1985) for the proposition that ICC cannot exclude reduced fares from consideration unless it finds that "the published rates, in fact, represent a reasonable approximation of the actual rates." 761 F.2d at 218. That reliance is twice flawed: ICC did consider the reduced fares; and ICC did find the published rates a reasonable approximation of the actual rates. Though APSC says that finding cannot be defended, the record here fully supports it. The few discounted and reduced fares cited by APSC cannot compare with the 67% of reduced-price tickets sold by one of the carriers in *Texas.*

APSC does not here argue that it successfully rebutted the presumption, but it does repeat its assertion that revenue per passenger-mile figures show intrastate fares higher than Trailways' reduced point-to-point fares. ICC correctly rejected APSC's revenue per passenger-mile figures as meaningless in themselves.

We have fully considered APSC's arguments centering on congressional intent, the breadth of congressional delegation, the indefiniteness of reduced tariffs, statutory construction, publication of reduced, point-to-point fares, an alleged "lumping" of discounted and reduced fares, alleged flaws in Trailways' showing that zone fares are charged an overwhelming majority of the time, and an asserted distortion in Trailways' characterization of the volume of reduced-fare tickets. None of those arguments is sufficient to establish that ICC's decision was arbitrary or capricious, unsupported by substantial evidence, or not in accordance with law. 5 U.S.C. § 706(2)(A), (E) (1982).

Accordingly, APSC's petition for review must be and is denied.